United States District Court
Southern District of Texas
**ENTERED**
September 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EAUTRELL JACKSON, (SPN #02433796) | § § § |
| Plaintiff, | § § |
| vs. | §  CIVIL ACTION H-16-1721 |
| RON HICKMAN, et al., | § § § |
| Defendants. | § |

## MEMORANDUM ON DISMISSAL

Eautrell Jackson, an inmate of the Harris County Jail ("HCJ"), sued in June 2016, alleging civil rights violations resulting from a denial of due process. Jackson, proceeding pro se, sued Ron Hickman, Sheriff of Harris County; and unnamed Harris County hearing officers.

Sheriff Hickman moves to dismiss on the ground that Jackson has failed to state a claim against Sheriff Hickman; this court has no subject matter jurisdiction over Jackson's claims; and this suit would amount to interference with an ongoing state court criminal proceeding contrary to the *Younger v. Harris* abstention doctrine. (Docket Entry No. 4). Jackson has responded and moves for this case to be allowed to continue on the court's docket. (Docket Entry No. 6).

The threshold issue is whether Jackson's claims should be dismissed. The court concludes that Jackson's claims lack merit. This court grants Sheriff Hickman's motion to dismiss and denies Jackson's motion for continuance. The reasons for these rulings are set forth below.

I.  **Plaintiff's Allegations**

Jackson alleges that he was arrested on March 14, 2016. He claims that hearing officers set his bond at $50,000.00. Jackson complains that his bond was set without consideration of his ability to pay. He alleges that Sheriff Hickman has detained him illegally under an excessive bond. Jackson seeks unspecified compensatory damages.

On March 15, 2016, Jackson was charged with aggravated assault with a deadly weapon, (Cause Number 150264301010) and aggravated assault of a family member (Cause Number 150264201010). He is currently in the HCJ on charges in the 338th Judicial District Court of Harris County, Texas. Magistrate Joe Licata found probable cause for the two felony charges and set bail at $50,000.00 for each charge. Jackson's total bond amount was $100,000.00.

II.  **The Applicable Legal Standards**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed, for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's

cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits or other documents and to hold a limited evidentiary hearing to resolve disputed jurisdictional facts. The court may consider matters outside the pleadings, to resolve factual challenges to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to Relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562-63 ("*Conley*'s 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard. . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 570).

In *Ashcroft v. Iqbal*, the Supreme Court elaborated on the two principles underlying its decision in *Twombly*. 556 U.S. 662, 678-79 (2009). First, under Rule 8(a)(2), plaintiffs are not

required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Second, the Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 555); *see also S. Scrap Material Co. v. ABC Ins. Co. (In re S. Scrap Material Co.)*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 555, 570), *cert. denied*, 129 S. Ct. 1669 (2009). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief,' this basic deficiency should . . . be exposed at the point of minimum

expenditure of time and money by the parties and the court." *Cuvillier,* 503 F.3d at 401 (quoting *Twombly,* 550 U.S. 544, 558).

A court generally must limit itself to the contents of the pleadings in considering a Rule 12(b)(6) motion but may consult documents attached to the defendant's motion if "'they are referred to in the plaintiff's complaint and are central to [its] claim.'" *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)). In addition, "a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied,* 459 U.S. 1105 (1983); *accord La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte,* 805 F.2d 1254, 1255 (5th Cir. 1986). A plaintiff's noncompliance with the applicable statute of limitations "'may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied,* 540 U.S. 1161 (2004)); *see Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 141 (5th Cir. 2007); *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied,* 537 U.S. 1200 (2003). "Although defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." *In re Dynegy, Inc. Secs. Litig.,* 339 F. Supp.2d 804, 819 (S.D. Tex. 2004).

"'A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted."'" *Gregson v. Zurich Am. Ins. Co.,* 322 F.3d 883, 885 (5th Cir. 2003) (quoting *Collins,* 224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales, Inc.,* 677 F.2d at 1050)); *accord Harrington v. State*

*Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can

be drawn from them. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2000).

### III. Analysis

Construed liberally, Jackson asks this court to compel the state criminal court to lower his bond. Federal courts do not intervene in state court prosecutions except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris,* 401 U.S. 37, 45 (1971). Abstention under *Younger* "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *La. Debating and Literary Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489 (5th Cir. 1995). "[T]he pending state proceeding must be ongoing and judicial in nature." *Sierra Club v. City of San Antonio,* 112 F.3d 789, 798 (5th Cir. 1997).

In sum, abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *see also La. Debating and Literary Ass'n,* 42 F.3d at 1490. Under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.

In this case, online research shows that proceedings relating to the charges of aggravated assault are ongoing in the 338th Criminal District Court of Harris County, Texas. He is currently confined at the HCJ. Abstention under *Younger* is appropriate.

Alternatively, the court finds that Jackson's claims against Sheriff Hickman lack merit. Jackson sues the Sheriff of Harris County because he was allegedly kept incarcerated at the jail for too long under an excessive bond. Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills,* 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland,* 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir. 1984). Jackson has alleged no personal involvement by Sheriff Hickman regarding his claim that his bond was excessive. Bond is set by court, and the Sheriff has no control over its amount. *See Green v. Mayfield,* 2009 WL 230161 (N.D. Tex. Jan. 29, 2009) (no personal involvement by a sheriff for alleged excessive bail because Texas sheriffs have no role in setting bail).

Under Texas law, setting bail is at the discretion of "the court, judge, magistrate or officer taking the bail." TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). Jackson complains that he is being denied a bond reduction. A challenge to the bond amount, however, is cognizable only in a state pretrial application for writ of habeas corpus asserting the bond was excessive and asking the trial court to reduce it and set a reasonable bond. *Ex parte Tucker,* 977 S.W.2d 713, 715 (Tex. App.

- Fort Worth, 1998) (citing *Ex parte Gray,* 564 S.W.2d 713, 714 (Tex. Crim. App. 1978) (proper method to challenge excessiveness of bail prior to trial is by application for writ of habeas corpus)). Jackson's claim based on an excessive bond lacks merit and is DISMISSED.

Sheriff Hickman's motion to dismiss, (Docket Entry No. 4), is GRANTED. The action filed by Eautrell Jackson (SPN #02433796) lacks an arguable basis in law, and his claims are DISMISSED with prejudice. Jackson's Motion for the Case to Continue on the Court's Docket (Docket Entry No. 6), is DENIED. Any remaining pending motions are DENIED as moot.

The Harris County Jail must continue to deduct twenty percent of each deposit made to Jackson's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full. The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) Sergeant Tom Katz, Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(2) the District Clerk for the Eastern District of Texas, Attention: Manager of the Three-Strikes List, Lori_stover@txed.uscourts.gov.

SIGNED at Houston, Texas, on September 29, 2016.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE